1  Barak Lurie (SBN 144887)
       *barak@lurie-law.com*
2  Amanda R. Washton (SBN 227541)
       *amanda@lurie-law.com*
3  **LURIE & ASSOCIATES**
4  11766 Wilshire Boulevard, Suite 600
   Los Angeles, California 90025
5  Telephone:   (310) 478-7788
   Facsimile:   (310) 347-4442
6

7  Attorneys for Plaintiff

8

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| LIFETECH RESOURCES, LLC dba SKIN RESEARCH LABORATORIES, | Case No.:  2:14-cv-9457 |
| Plaintiff, | **COMPLAINT FOR:** **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1125(a);** |
| v. | **(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a);** |
| NYSON INDUSTRIES, LLC, | **(3) COPYRIGHT INFRINGEMENT;** |
| Defendant. | **(4) FALSE ADVERTISING IN VIOLATION OF LANHAM ACT §43(a)(l)(B);** |
| | **(5) FALSE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500. ET SEQ.;** |
| | **(6) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.:** |
| | **(7) COMMON LAW TRADMARK INFRINGEMENT;** |
| | **(8) STATUTORY DILUTION UNDER CAL. BUS. PROF. CODE §14330; and** |
| | **(9) COMMON LAW UNFAIR COMPETITION** |
| | Trial Date:  Not Yet Set |
| | **[JURY TRIAL DEMANDED]** |

LURIE &
ASSOCIATES
LOS ANGELES

Plaintiff Lifetech Resources, LLC d.b.a., Skin Research Laboratories (hereinafter, "Plaintiff" or "Lifetech"), through its attorneys, submits this Complaint against Defendant Nyson Industries, LLC (hereinafter, "Defendant" or "Nyson"), and alleges as follows:

## NATURE OF ACTION

1.     This is an action for federal trademark registration infringement, federal copyright infringement, unfair competition and false advertising under the Lanham Act (15 U.S.C. §§ 1064, 1118, l125(a) *et seq*.); and false advertising, unfair competition, trademark infringement and dilution, under state and federal enactments, and common law:

## PARTIES

2.     Lifetech is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 9540 Cozycroft Avenue, Chatsworth, California.

3.     Nyson is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 12021 Wilshire Blvd. #121, Los Angeles, California.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 15 U.S.C. §1125(a) and 28 U.S.C. §§ 1331, 1338 in that this case arises under the copyright and trademark laws of the United States and the Lanham Act.

5.     This Court has subject matter jurisdiction over Plaintiff's unfair competition law claims (California Business and Professions Code §17200 *et seq*.) and state false advertising claims (California Business and Professions Code § 17500) pursuant to 28 U.S.C. §1338(b) and 1367(a).

6.     Defendant is subject to personal jurisdiction of the Court because Defendant does or transacts business, or are otherwise found to have purposefully availed itself of the privilege of doing business, in California and this District, by,

2

among other things, soliciting and conducting their business in California and this District, negotiating and entering into agreements in California and this District, conducting their business on and/or through an Internet web site, wrongfully using and infringing upon Lifetech's common law and registered trademarks, wrongfully diluting Lifetech's trademarks, and committing false advertising and unfair acts, in California and this District.  In addition, this Court has personal jurisdiction over Nyson by virtue of its being a California limited liability company.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

8.     Lifetech manufactures, markets, and sells cosmetics, including, eyelash and eyebrow products, and skin and hair-care products under the name and federally registered trademark, RapidLash®.

9.     Since 2008, Lifetech has continuously owned and used the name and trademark RapidLash® in the cosmetics it manufactures and sells, including, eyelash and eyebrow products, and skin and hair-care products nationally and internationally.

10.     On August 18, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued Trademark Registration Number 3670624.  A true and correct copy of the 3670624 USPTO Registration is attached hereto as **EXHIBIT "A."**

11.     Among other media, Lifetech promotes its high quality products through display and use of its RapidLash® mark in the operation of its websites, television and print advertising, and through its authorized distributors and resellers.  These advertisement materials are protected by federal and state copyright statutes and laws.

12.     Lifetech has continuously used the RapidLash® mark in commerce since the date of first use.  As a result, Lifetech's RapidLash® mark has become

LURIE &
ASSOCIATES
LOS ANGELES

**COMPLAINT**

widely and favorable known to consumers.  Consumers have come to recognize the RapidLash® mark as an indicator of Lifetech's quality cosmetics, including, eyelash and eyebrow products, and skin and hair-care products.

13.     Defendant Nyson has been marketing and selling a product named "RapidLash" on their website, www.rapidlashstore.com.

14.     Lifetech is informed and believes that Nyson improperly and illegally makes claims of eyelash "growth" with use of the "RapidLash" product.

15.     Lifetech is informed and believes that Nyson also improperly and falsely claims to be an "Authorized Distributor" or "Authorized Retailer" of the "RapidLash" product that Lifetech actually manufacturers, markets, and sells.

16.     Nyson has disseminated advertisements making the above-described false claims in interstate commerce via its website www.rapidlashstore.com (the "Infringing Advertisements").  True and correct copies of some examples of these Infringing Advertisements are attached hereto as **Exhibit "B."**

17.     Lifetech is informed and believes that Nyson uses Lifetech's RapidLash® mark in search engine marketing, such as keywords or adwords in Google® or similar search engine websites, with the intent that Nyson's own website will be presented by Google® when consumers enter search terms intended for Lifetech's actual authorized distributors of RapidLash®.  Such conduct constitutes, inter alia, infringement of Lifetech's RapidLash® mark, deceptive and unfair business practices, and false advertising.  A search for "rapidlash" on Google® results in an advertisement for Nyson's website, www.rapidlashstore.com ("website materials").  A true and correct copy of a screenshot depicting this search on December 5, 2014, is attached hereto as **Exhibit "C."**

18.     In Nyson's website materials and Infringing Advertisements, Nyson uses Plaintiff's copyrighted and trademark-protected material.  Nyson even acknowledges its use of this material by affixing a "tm" to the term "RapidLash"

and a copyright notification ("Copyright © 2014 RapidLash").  **(Exhibits "B")**

19.     The Infringing Advertisements are likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, authorization, affiliation, or endorsement of Nyson's website and its products and services.

20.     Lifetech is informed and believes that Nyson is aware that its unauthorized use of the RapidLash® mark and the false statements made on its website and marketing materials is a direct infringement of Lifetech's state and federal trademark rights, dilutes Lifetech's mark, and are acts of unfair competition.

21.     Lifetech has not authorized Nyson's use of RapidLash® mark in any form or variation.  Lifetech has not licensed any of its copyrighted materials to Nyson.  Lifetech has not approved, authorized, sponsored, or endorsed any of Nyson's products.

22.     Nyson's products are targeted to the same consumer base as Lifetech's RapidLash® products.  Customers familiar with the RapidLash® mark and looking for Lifetech's RapidLash® products would likely believe, incorrectly, that the Infringing Advertisements relate to or will direct the customers to Plaintiff's RapidLash® products, a means to purchase the same, or information regarding the same; that Lifetech is responsible for the Infringing Advertisements; that there is some time of affiliation, connection, or association between Lifetech and Nyson, the Infringing Advertisements, or the products offered through the Infringing Advertisements.  Nyson's offering of products in connection with the RapidLash® mark improperly trades off on the goodwill Lifetech has established in the RapidLash® mark in order to improperly attract consumers to Nyson and/or its competitive products.

23.     Once a consumer follows the hyperlinks in the Infringing Advertisements and is directed to Nyson's website, even if the consumer recognizes that the products offered are not Lifetech's products, or that the site is

**COMPLAINT**

not authorized or affiliated with Lifetech, the consumer may remain on Nyson's website and purchase products from Nyson.  In this manner, the Infringing Advertisements harm the goodwill in the RapidLash® marks by weakening the association of the RapidLash® mark with Lifetech's products, and such consumers are likely instead to purchase Nyson's competing products.

24.     On September 9, 2014, and again on September 23, 2014, Lifetech sent Nyson two separate cease-and-desist letters demanding that all use of the RapidLash® mark, Lifetech's copyrighted material, and all claims regarding the product, or that Nyson is an "Authorized Distributor" and/or "Authorized Retailer" immediately cease.  A true and correct copy of these letters are attached hereto as **Exhibit "D."**

25.     On October 6, 2014, Lifetech received a response from Nyson's counsel acknowledging Nyson's responsibility and promising to comply with Lifetech's demands.  A true and correct copy of this letter is attached hereto as **Exhibit "E."**

26.     Despite this promise and two additional cease-and-desist demands made in writing on October 13, 2014, and November 10, 2014, Nyson continues its infringing and illegal conduct as of the date of the filing of this Complaint.  True and correct copies of the October 13th and November 10th letters are attached hereto as **Exhibit "F."**

27.     Despite having actual and constructive notice of Lifetech's rights in the RapidLash® mark and copyrighted material, and despite having received express notice of the same, Nyson has failed to cease their infringing activities and continues to advertise, market, promote, offer for sale, and sell its competitive products using the RapidLash® mark without authorization from Lifetech and in complete and willful disregard of Lifetech's federal and common law copyright and trademark rights.

28.     By making false drug and authorization claims, Nyson's website

**COMPLAINT**

materials and Infringing Advertisements speak to and address inherent qualities and characteristics of Lifetech's products.

29.     Lifetech is informed and believes, and on that basis alleges that Nyson's conduct is intentional and deliberate.

30.     As a result of Nyson's infringement and false advertising, Lifetech has suffered and will continue to suffer damage to its business, reputation, and goodwill and the loss of sales and profits as a result of direct diversion of sales and a lessening of goodwill associated with RapidLash®.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of 15 U.S.C. § 1125(a))

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

32.     Plaintiff's RapidLash® mark is inherently distinctive and/or has acquired secondary meaning among the trade, with consumers, and with the relevant purchasing public.  Through Plaintiff's use, consumers and the relevant purchasing public have come to view the RapidLash® mark to associate, identify, and distinguish Plaintiff as the source of origin of Plaintiff's cosmetics.

33.     Without Plaintiff's license, consent, or authorization, Defendant has used, and continues to use, the RapidLash® mark and/or confusingly similar variations thereof, on or in connection with marketing, distributing, advertising, promoting, offering for sale, and selling its products and/or services.

34.     Specifically, any use of the RapidLash® mark and/or confusingly similar variations thereof in Defendants' advertisements, promotional materials, and/or website content, including but not limited to the Infringing Advertisements, in connection with the marketing, distributing, advertising, promoting, offering for sale, and selling Defendant's similar products and/or services, Defendant has caused, or is likely to cause, confusion, mistake, or to deceive the public as to the affiliation, connection, association of Defendant's

7

products or as to the origin, sponsorship, or approval by Plaintiff of Defendant's products, services, or commercial activities. This includes, but is not limited to, deceiving customers into believing that the Infringing Advertisements are sanctioned, approved, or authorized by Plaintiff and that Defendant is authorized and entitled to use the RapidLash® mark to sell its products when, in fact, they are not so authorized. Additionally, such use misappropriates the extensive goodwill built up by Plaintiff.

35.    Lifetech is informed and believes, and on that basis alleges that Defendant's acts of infringement have been committed with the intentional, willful, or malicious intent to cause confusion, mistake, to deceive, and to trade upon the goodwill associated with the RapidLash ® mark and were otherwise deliberate, knowing, willful and/or in bad faith. Defendant's acts constitute willful trademark infringement in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under common law.

36.    Defendant's intentional infringement of Plaintiff's RapidLash® mark is an exceptional case, entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

37.    Defendant's willful and intentional infringing activities have caused and are causing great and irreparable injury and damage to Plaintiff's business, goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

38.    By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of infringement and, after trial, to recover damages proven to have been caused by reason of Defendant's aforesaid acts, Defendants' profits, costs of corrective advertising, any enhanced damages justified by the willful and intentional nature of such acts, and other damages according to proof at trial,

LURIE &
ASSOCIATES
LOS ANGELES

**COMPLAINT**

including costs and attorneys' fees.  However, Plaintiff is informed and believes that compensatory damages to date exceed $75,000.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation
### of Origin in Violation of 15 U.S.C. § 1125(a))

39.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 38 of this Complaint.

40.     Defendant's acts constitute unfair competition and false designation of origin in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

41.     Defendant's unlicensed, unconsented to, and otherwise unauthorized use of the RapidLash® mark and/or confusingly similar variations thereof in connection with the sale, offering for sale, distribution, or advertising of similar goods and services in interstate commerce is likely to cause confusion or mistake among consumers or those in the relevant trade and industry, or to deceive such persons as to the affiliation, connection, endorsement, sponsorship or association of Defendant's goods and services with Plaintiff's goods and services.

42.     The above-described conduct constitutes unfair competition, false advertising, a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact that wrongfully and falsely suggests to the trade, relevant purchasing public and consumers that Defendant's products and/or services emanate from, or are licensed, endorsed, approved, or sponsored, authorized by, or are in some other way associated, affiliated or connected with Plaintiff in violation of 15 U.S.C.§ 1125(a):

43.     Defendant's acts complained of herein, including but not limited to Defendant's knowing publication and distribution of false, misleading, and illegal statements about RapidLash®, Plaintiff's products, and Defendant's business relationship with Plaintiff and its RapidLash® products, were intended to direct business to Defendant.  These statements unfairly affected Plaintiff's and its actual

9

LURIE &
ASSOCIATES
LOS ANGELES

licensees, authorized distributors, and authorized retailers business opportunities and fraudulently deceived customers shopping for cosmetics, including, eyelash, eyebrow, hair-care products, on the internet.

44.     Plaintiff is informed and believes, and on that basis alleges that Defendant's aforesaid acts in violation of 15 U.S.C. § 1125(a) have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with their valuable RapidLash® mark, unless preliminarily and permanently enjoined and restrained by the Court.  Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights and Plaintiff will suffer irreparable injury in an amount that cannot be ascertained at this time if Defendants are allowed to continue to wrongfully use Plaintiff's valuable RapidLash® marks, and/or any confusingly similar variations thereof: By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant and anyone acting in concert with Defendant, to restrain further unlawful acts.

45.     Defendant has profited and is profiting from unlawful conduct and Plaintiff has been and is being damaged as a proximate result of such conduct. Plaintiff is, therefore, entitled to recover compensatory damages from Defendants in an amount to be proved at trial, as well as the costs of corrective advertising.

46.     Plaintiff is informed and believes, and on that basis alleges that Defendants' aforesaid wrongful conduct has been willful, wanton, and malicious and done with an intent to deceive.  Plaintiff is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages pursuant to 15 U.S.C. § 1125.

**COMPLAINT**

LURIE &
ASSOCIATES
LOS ANGELES

## THIRD CLAIM FOR RELIEF

### (Copyright Infringement)

47.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 46 of this Complaint.

48.     In or about 2008, Lifetech created advertising and marketing materials, including photographs and advertisements copy, for the RapidLash® product.  These advertising materials were wholly original and are copyrightable subject matter.

49.     Plaintiff is informed and believes, and on that basis alleges that since 2008, Plaintiff has registered various versions of its advertising and marketing materials with the Register of Copyrights.

50.     Defendant began reproducing and distributing the copyrighted material in the United States.  Defendant even acknowledges Plaintiff's rights to these copyrighted materials in its Infringing Advertisements, yet it still continues to engage in the infringing acts described herein.  Unless enjoined and restrained, Defendant's conduct threatens to further infringe Plaintiff's copyright interests.

51.     At no time has Plaintiff authorized Defendant to reproduce or distribute the said copyrighted work.

52.     By reason of Defendant's infringement and threatened infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in the copyrighted work.

53.     Further irreparable harm to Plaintiff is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, affiliates, representatives, and all persons acting in concert with them from engaging in further such acts of copyright infringement.

54.     Plaintiff is further entitled to recover from Defendant the compensatory damages sustained by Plaintiff as a result of Defendant's acts of

11

LURIE &
ASSOCIATES
LOS ANGELES

copyright infringement.  Plaintiff is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of Defendant's acts of copyright infringement, but Plaintiff is informed and believes, and on that basis alleges that Plaintiff has sustained such damages in an amount exceeding $75,000.

55.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its acts of copyright infringement.  Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendant has obtained by reason of its acts of copyright infringement, but Plaintiff is informed and believes, and on that basis alleges that Defendant has obtained such gains, profits and advantages in an amount exceeding $75,000.

## FOURTH CLAIM FOR RELIEF

### (False Advertising in Violation of Lanham Act § 43(a)(1)(B))

56.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 55 of this Complaint.

57.     Defendants' acts constitute false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

58.     Both Defendant Nyson products and services and Plaintiff's products and services are sold in interstate commerce.  The false, deceptive and misleading claims in Defendant's website and advertising materials speak to and address an inherent quality and characteristic of RapidLash® and Plaintiff's products and services.

59.     The false, deceptive and misleading claims in Defendant's website materials has been and is disseminated, published and discussed in interstate commerce.

60.     Defendant's website materials are false and misleading.  Defendant not only falsely claims to be an "Authorized Distributor" and/or "Authorized Retailer," of Plaintiff, but the Infringing Advertising also makes improper

"growth" claims in violation of 15 U.S.C § 1125(a)(1)(B).

61.    Defendant's website materials and false and misleading advertising are likely to deceive consumers of these products and services.

62.    Defendant's website materials and false and misleading advertising speak to and address an inherent quality and characteristic of Plaintiff's goods and services, by making "growth" claims, and asserting Plaintiff's authorization to sell the products for these purposes, are likely to influence customers' decisions in purchasing cosmetic hair products, and materially affect purchasing decisions by relevant consumers.

63.    Past and prospective customers were or are likely to be deceived by these statements, as they will likely consider the statements made about the products to be timely, updated, and accurate, and the statements made are likely to influence the consumer's decision as to whether to use Plaintiff's products and services.  In addition, Defendant's false and misleading statements are likely to mislead and deceive consumers into purchasing Defendant's products instead of Plaintiff's or an actual authorized distributer or retailer of Plaintiff's.

64.    Defendant's website materials and false and misleading advertising has caused and will continue to cause irreparable harm to Plaintiff.  Unless Defendant is enjoined from continuing these unlawful acts, Plaintiff will suffer irreparable harm.

65.    As a direct and proximate result of Defendant's website materials and literally false and misleading advertising, Plaintiff has suffered damages in an amount to be determined at trial.  Plaintiff is informed and believes, and on that basis alleges that Plaintiff's compensatory damages exceed $75,000.

66.    Defendant's website materials and false and misleading advertising and promotion in interstate commerce constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff

13

is entitled to preliminary and permanent injunctive relief to prevent damage to Plaintiff and to prohibit Defendant from further violations of Section 43(a) of the Lanham Act as further set forth in the Prayer for Relief below.

68.    Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to monetary damages, corrective advertising costs, Defendant's profits, costs, and prejudgment interest.

69.    This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiff to recover its attorneys' fees and up to three times its actual damages.

70.    Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Plaintiff is entitled to a destruction order requiring all advertisements of Defendant's and its possession bearing the false or misleading descriptions or representations be delivered up and destroyed.

### FIFTH CLAIM FOR RELIEF

### (False Advertising in Violation of California
### Business & Professions Code §§ 17500, et seq.)

71.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 70 of this Complaint.

72.    Defendant has made and disseminated its website materials and Infringing Advertisements and have used the RapidLash® mark and/or confusingly similar variations thereof in Defendant's advertisements with the intent directly or indirectly to induce the public to enter into an obligation relating to Defendant's cosmetic products and services.

73.    Defendant not only falsely claims to be an "Authorized Distributor" and/or "Authorized Retailer," of Plaintiff, but the Infringing Advertising also makes improper "growth" claims in violation of California Health and Safety Code, §§ 110398, 111355, 111375, 111440, 111445, 111470, 111475, 111490, 111550, 21 C.F.R. § 310.527 and California Business and Professions Code § 4163

14

**COMPLAINT**

by furnishing hair, eyelash, or eyebrow growth products without requiring a prescription and without application approved by the Federal Food and Drug Administration ("FDA") or the California Department of Health Services.

74.     Defendant's advertising was untrue or misleading and likely to deceive the public, and Defendant's unlicensed, unconsented to, and otherwise unauthorized use of the RapidLash® and/or confusingly similar variations thereof in Defendant's advertisements, promotional materials, and/or website content on or in connection with marketing, distributing, advertising, promoting, offering for sale, and selling Defendant's similar or identical products and/or services, has caused and is likely to continue to cause the general public, trade, consumers, and the relevant purchasing public to be confused, misled and deceived as to the source of origin of Defendant's goods and/or services, and, further, to confuse, mislead, and deceive such persons into strongly believing that Defendant's business is affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.

75.     In making and disseminating Defendant's website materials and Infringing Advertising, Defendants knew, or by the exercise of reasonable care should have known, that their website materials and Infringing Advertising were untrue or misleading.

76.     Defendant's acts constitute the use of deceptive, untrue, and misleading advertising, of which Defendant knew or should have known, thereby impairing the goodwill of Plaintiff and otherwise adversely affecting the business and reputation of Plaintiff.  These acts constitute false advertising under California Business & Professions Code § 17500, and California common law.

77.     Defendant's acts of untrue and misleading advertising alleged above have caused and will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, to the goodwill and business reputation symbolized

15

by and associated with their valuable RapidLash® mark, and to the general public, unless preliminarily and permanently enjoined and restrained by the Court. Plaintiff has no adequate remedy at law or Defendant's continuing acts of false and misleading advertising and Plaintiff will suffer irreparable injury in an amount that cannot be ascertained at this time if Defendant is allowed to continue to such acts.

78. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, prohibiting Defendant from continuing such acts of false and misleading advertising and, after trial, to recover any compensatory damages proven to have been caused by reason of Defendant's acts, Defendant's profits, costs of corrective advertising, any enhanced damages justified by the willful and intentional nature of such acts, and other damages according to proof at trial, including costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California
### Business & Professions Code §§ 17200, et seq.)

79. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 78 of this Complaint.

80. The acts of Defendant constitutes unlawful, unfair and fraudulent business acts or practices as defined by California Business & Professions Code §§ 17200, et seq.

81. Plaintiff has valuable and protectable rights in the RapidLash® mark.

82. Defendant not only falsely claims to be an "Authorized Distributor" and/or "Authorized Retailer," of Plaintiff, but the Infringing Advertising also makes improper "growth" claims in violation of California Health and Safety Code, §§ 110398, 111355, 111375, 111440, 111445, 111470, 111475, 111490, 111550, 21 C.F.R. § 310.527 and California Business and Professions Code § 4163 by furnishing hair, eyelash, or eyebrow growth products without requiring a

prescription and without application approved by the FDA or the California Department of Health Services.

83.     Defendant's false claims, and deceptive advertisements and marketing materials on its website and its unlicensed, unconsented to, and otherwise unauthorized use of the RapidLash® mark and/or confusingly similar variations thereof in Defendant's advertisements, promotional materials, and or website content on or in connection with marketing distributing, advertising, promoting, offering for sale, and selling Defendant's similar or identical products and/or services constitutes trademark infringement, unfair competition, false advertising, and false designation of origin under California Business & Professions Code §§ 17200, et seq.

84.     The above-described acts and practices by Defendant and its continuing willful and concerted effort to misrepresent the nature of Plaintiff's and Defendant's products and services, and to trade on Plaintiff's goodwill constitutes "unfair" business acts or practices in violation of California Business & Professions Code §§ 17200, et seq.

85.     The above-described acts and practices by Defendant, have caused and are likely to continue to cause the general public to be confused, misled and deceived as to the source of origin of Defendant's goods and/or services, and, further, to confuse, mislead, and deceive such persons into strongly believing that Defendant's business is affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.  Thus, above-described acts and practices by Defendant are also likely to mislead or deceive the general public and, therefore, constitute "fraudulent" business acts or practices and/or unfair, deceptive, untrue or misleading advertising in violation of California Business & Professions Code §§ 17200, et seq.

86.     As a direct and proximate result of Defendant's acts and practices in violation of California Business & Professions Code §§ 17200, et seq., Plaintiff

17

LURIE & ASSOCIATES
LOS ANGELES

has suffered injury in fact and has lost money and profits, market share, and asset value, and such damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with its valuable RapidLash® mark will continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with their valuable RapidLash® mark, unless preliminarily and permanently enjoined and restrained by the Court.  Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights and Plaintiff will suffer irreparable injury in an amount that cannot be ascertained at this time if Defendants are allowed to continue to wrongfully use Plaintiff's valuable RapidLash® marks, and/or any confusingly similar variations thereof.

87.    Further, the above-described unlawful, unfair, and fraudulent business acts and practices of Defendant present a continuing threat to, and are meant to deceive members of the public in that Defendant continues to promote their sale, marketing, and advertisement of their similar or identical products by wrongfully trading on the goodwill of the RapidLash® mark.

88.    According, Plaintiff is entitled to injunctive relief pursuant to California Business & Professions Code § 17203.

### SEVENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

89.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 88 of this Complaint.

90.    Plaintiff has continuously used the RapidLash® mark in commerce in connection with Plaintiff's products and services since at least as early as 2008, and, accordingly, has established common law trademark rights in the RapidLash® mark.

91.    The RapidLash® mark is inherently distinctive and/or has acquired strong secondary meaning among the trade, with consumers, and the relevant

purchasing public in the trade, in the State of California and indeed throughout the entire United States.  Through Plaintiff's use, consumers and the relevant purchasing public have come to use the RapidLash® mark to associate, identify, and distinguish Plaintiff as the source of origin of Plaintiff's cosmetic products and services.

92.   Defendant's unlicensed, unconsented to, and otherwise unauthorized use of the RapidLash® mark and/or confusingly similar variations thereof in Defendant's advertisements, promotional materials, and/or website content on or in connection with marketing, advertising, promoting, offering for sale, and selling Defendant's own similar products and/or services constitutes infringement of Plaintiffs common law trademark rights in the RapidLash® mark and misappropriates the valuable goodwill developed by Plaintiff in the RapidLash® mark.

93.   Defendant's conduct has caused and is likely to continue to cause the general public, trade, consumers, and the relevant purchasing public to be confused, misled and deceived as to the source of origin of Defendant's products and services, and, further, to confuse, mislead, and deceive such persons into wrongly believing that Defendant's business is affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.

94.   Defendant was, or should have been, aware of Plaintiff's use of and corresponding rights in the RapidLash® mark and the actions of Defundant were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with and the distinctiveness, strength, and value of Plaintiff's RapidLash® mark and to evoke the same image in the minds of consumers of cosmetic products and services.

95.   Defendant's acts in violation or California common law have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely

19

to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with their valuable RapidLash® mark, unless preliminarily and permanently enjoined and restrained by the Court.  Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights and Plaintiff will suffer irreparable injury in an amount that cannot be ascertained at this time if Defendant is allowed to continue to wrongfully use Plaintiff's valuable RapidLash® mark, and/or any confusingly similar variations thereof.

96.     By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts of infringement, Defendant's profits, costs of corrective advertising, any enhanced damages justified by the willful and intentional nature of such acts, and other damages according to proof at trial, including costs and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF

### (Statutory Dilution Under California Business & Professions Code §14330)

97.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 96 of this Complaint.

98.     For almost seven years, Plaintiff has been promoting its high quality cosmetic products and services through extensive display and use of its RapidLash® mark in print advertising, on radio and television, through the operation of its websites, social media, on video commercials, and through word of mouth.

99.     By nature of the inherent and/or long acquired distinctiveness of the RapidLash® mark, the long duration and extensive use of the RapidLash® mark RapidLash® mark, on and in connection with the advertising, marketing, promotion, offers for sale, and sale of high quality cosmetic products and services,

20

and the strong recognition and reputation of the RapidLash® mark among the general public, trade, consumers and the relevant purchasing public as being the source of origin of Plaintiff's products and services, the RapidLash® mark has achieved selling power and also has become famous.

100.    Defendants have made and are currently making interstate commercial use, including use in the State of California, of Plaintiff's distinctive, valuable, well-known and famous RapidLash® mark and/or confusingly similar variations thereof.

101.    Defendant's acts with respect to the RapidLash® mark, as alleged above, have and are continuing to dilute the distinctive nature of the RapidLash® mark by lessening the ability and capacity of the mark to identify and distinguish Plaintiff as the sole source of origin of its high quality cosmetic products and services.

102.    Defendant's wrongful use and infringement upon the RapidLash® mark has and is continuing to dilute the distinctive nature of the marks by lessening the extensive and valuable goodwill, quality, and honor that is associated with the mark.

103.    By their acts hereinabove described, Defendant has violated and will continue to violate, inter alia, Cal. Bus. & Prof. Code § 14330.

104.    Defendant's acts in violation of Cal. Bus. & Prof. Code §14330 have

105.    caused and will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the goodwill symbolized by and associated with its distinctive, valuable, well-known and famous RapidLash® mark unless preliminarily and permanently enjoined and restrained by the Court.

106.    Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's valuable and well-known RapidLash® mark, and/or any confusingly similar variations

thereof.

## NINTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

107.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 106 of this Complaint.

108.   The above-described conduct and acts of Defendant and its continuing willful and concerted effort to misrepresent the nature of Plaintiff's and Defendant's products and services, and to trade on Plaintiff's goodwill constitutes a false description or representation tending to suggest to consumers and the relevant purchasing public that Plaintiff is the source of origin of such products and/or services.

109.   Defendant's false claims, and deceptive advertisements and marketing materials on its website and its unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's copyrighted material and the RapidLash® mark and/or confusingly similar variations thereof in Defendant's advertisements, promotional materials, and or website content on or in connection with marketing distributing, advertising, promoting, offering for sale, and selling Defendant's similar or identical products and/or services constitutes common law unfair competition.

110.   The above-described acts and practices by Defendant, on information and belief, have caused and are likely to continue to cause the general public to be confused, misled and deceived as to the source of origin of Defendant's goods and/or services, and, further, to confuse, mislead, and deceive such persons into strongly believing that Defendant's business is affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Plaintiff.

111.   Defendant has intentionally traded and infringed upon Plaintiff's copyrighted material, its RapidLash® mark and misrepresented the nature and

22

LURIE & ASSOCIATES
LOS ANGELES

source of origin of its products and/or services.

112.    By virtue of Defendant's acts described above, Defendants has committed and is continuing to commit acts of unfair competition and false designation of origin under California common law.

113.    Lifetech is informed and believes, and on that basis alleges that Defendant's aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with its valuable RapidLash® mark will continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the goodwill and business reputation symbolized by and associated with their valuable RapidLash® mark, unless preliminarily and permanently enjoined and restrained by the Court. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights and Plaintiff will suffer irreparable injury in an amount that cannot be ascertained at this time if Defendants are allowed to continue to wrongfully use Plaintiff's valuable RapidLash® mark, and/or any confusingly similar variations thereof.

114.    By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition and false designation of origin and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition and false designation of origin, Defendant's profits, costs of corrective advertising, any enhanced damages justified by the willful and intentional nature of such acts, and other damages according to proof at trial, including costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff Lifetech Resources, LLC hereby demands a trial by jury of any and all issues triable of right

LURIE &
ASSOCIATES
LOS ANGELES

by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and grant the following relief:

1.      A judgment that Defendant has committed false advertising, unfair competition and infringed on Plaintiff's RapidLash® mark and copyrights;

2.      A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees, attorneys, affiliates, parents, subsidiaries, divisions, and all others acting in privity or in concert with them, and their successors and assigns, and any person having knowledge of such injunction, from:

      a.   using, publishing or disseminating Defendant's false and misleading advertising and website materials;

      b.   using, publishing or disseminating any copyrighted materials belonging to Plaintiff;

      c.   using any reproduction, counterfeit, copy, or colorable imitation of the RapidLash® mark to identify any goods or the rendering of any services not authorized by Plaintiff;

      d.   making any claims of growth regarding the RapidLash® products;

      e.   making any claims that they are an authorized distributor, retailer, or reseller of the RapidLash® products;

      f.   engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or weaken the distinctive quality of the RapidLash® mark, Plaintiff's name, reputation or goodwill;

      g.   further infringing the RapidLash® mark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any

24

products or services not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the RapidLash® mark;

h.  using any simulation, reproduction, counterfeit, copy or colorable imitation of the RapidLash® mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

i.  making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof to believe that any services provided, or any products manufactured, distributed, sold or offered for sale, by Defendant are in any way associated or connected with Plaintiff, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

j.  engaging in any conduct constituting an infringement of any of the RapidLash® mark of Plaintiff's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Plaintiff's name, reputation or goodwill;

3.    An order directing Defendant to file with this Court and serve on Plaintiff's counsel within 30 days after service or an injunction, a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

4.    An order directing that all signs, publications, materials, websites, advertisements, brochures, and all other printed or electronically stored matter or

LURIE &
ASSOCIATES
LOS ANGELES

works that may be viewed with the aid of a machine, bearing or showing Defendant's website materials, or the RapidLash® mark or any variations thereof, be delivered to Plaintiff's counsel or destroyed.

5. A judgment awarding Plaintiff all damages adequate to compensate for Defendant's false advertising and infringement of the RapidLash® mark;

6. Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial;

7. Punitive damages as permitted by law;

8. Treble damages as permitted by law;

9. Reasonable funds for future corrective advertising;

10. An accounting of Defendant's profits pursuant co 15 U.S.C. § 1117;

11. Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

12. Costs of suit and reasonable attorneys' fees as provided by law;

13. An order directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

14. All other remedies to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 14330, 17200, 17203, l 7500, 17535, *et seq.*, and any other applicable Federal or state law.

DATED:  December 9, 2014          LURIE & ASSOCIATES

/s/ Amanda R. Washton
Amanda R. Washton
Attorneys for Plaintiff

**COMPLAINT**